**O**
**JS-6**

# United States District Court
# Central District of California

YOLANDA P. BERNARDO,

Plaintiff,

v.

THE BANK OF NEW YORK MELLON
AS TRUSTEE FOR CIT MORTGAGE
LOAN TRUST 2007-1; CALIBER HOME
LOANS, INC.; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.; SUMMIT
MANAGEMENT COMPANY, LLC;
VERICREST FINANCIAL, INC.;
WILMINGTON FINANCE, INC.; and
DOES 1–50, inclusive,

Defendants.

Case № 5:14-cv-01755-ODW(DTBx)

**ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS WITH PREJUDICE [5]**

## I.   INTRODUCTION

Plaintiff Yolanda P. Bernardo filed this action seeking relief from foreclosure on her home located in Riverside County, California.   Before the Court is an unopposed Motion to Dismiss filed by Defendants The Bank of New York Mellon as

1  Trustee for CIT Mortgage Loan Trust 2007-1 ("BONY"); Caliber Home Loans, Inc.
2  ("Caliber")[1]; Mortgage Electronic Registration Systems, Inc. ("MERS"); and Summit
3  Management Company, LLC ("Summit").  (ECF No. 5.)  Defendant Wilmington
4  Finance, Inc. ("Wilmington") separately joined in the Motion.  (ECF No. 7.)  For the
5  reasons discussed below, the Court **GRANTS** Defendants' Motion to Dismiss
6  **WITHOUT LEAVE TO AMEND**.  (ECF No. 5.)

## II.   FACTUAL BACKGROUND

8      Bernardo initiated this action in pro per in Riverside County Superior Court on
9  July 21, 2014.  (Not. of Removal Ex. 1.)  She brings six claims against Defendants for
10  (1) declaratory relief; (2) fraud; (3) "tortious violation" of the Real Estate Settlement
11  Procedures Act ("RESPA"), 12 U.S.C. § 2607(b); (4) quiet title; (5) violation of the
12  Rosenthal Fair Debt Collections Practices Act ("RFDCPA"), Cal. Civ. Proc. Code §
13  1788.17; and (6) injunctive relief.  (*Id.*)  Defendants removed the action to federal
14  court on August 25, 2014 based on federal-question jurisdiction.  (*Id.* ¶¶ 6–8.)
15  Defendants also allege diversity jurisdiction.  (*Id.* ¶¶ 9–11.)

16      Bernardo's claims arise out of a $310,000 loan obtained from Wilmington on
17  March 26, 2007.  (Compl. ¶ )  The loan was secured by a Deed of Trust encumbering
18  Bernardo's home in Murrieta, California.  (RJN Ex. A.)[2]  The Deed of Trust identified
19  Financial Title as trustee and MERS as the beneficiary.  (*Id.*)  Bernardo and her now-
20  deceased husband, as co-owners of the home, signed the Deed of Trust.  (*Id.*)

21      On November 11, 2008, a Notice of Default was recorded, noticing that the
22  loan was more than $22,000 in arrears.  (*Id.* Ex. B.)  On March 1, 2010, an
23  Assignment of Deed of Trust was recorded, which served to notice the public of the
24  transfer of the beneficial interest under the Deed of Trust from MERS to BONY.  (*Id.*

---

26  [1] According to Caliber, Defendant Vericrest Financial, Inc. was erroneously sued as a separate
27  entity.  Caliber was formerly known as Vericrest Financial, Inc.  (Mot. 1:2–11.)
   [2] Defendants request judicial notice of 15 documents.  (ECF No. 5-2.)  The Court **GRANTS** the
28  Request.  Exhibits A–N are publicly recorded documents.  Exhibit O is a document of public record
   from the California Secretary of State.  *See* Fed. R. Evid. 201(b)(2).

Ex. C.)   A Substitution of Trustee was also recorded on the same date, replacing Financial Title with Mortgage Lender Services, Inc. as trustee.  (*Id.* Ex. D.)   In addition, a Notice of Trustee's Sale was recorded to notify the public of the time and place of the scheduled sale.  (*Id.* Ex. E.)

In April 2010, the foreclosure sale was cancelled and the Notice of Default rescinded.  (*Id.* Ex. F.)  But the loan went into default again and a new Notice of Default was recorded on August 4, 2011.  (*Id.* Ex. G.)  One month later, a Substitution of Trustee was recording, substituting Summit as trustee under the Deed of Trust.  (*Id.* Ex. H.)  Two Notices of Trustee's Sale were then recorded in October and November 2011.  (*Id.* Exs. I, J.)  However, the sale was once again cancelled and the Notice of Default was rescinded on December 7, 2011.  (*Id.* Ex. K.)

On July 8, 2013, a Notice of Default was recorded for a third time.  (*Id.* Ex. L.) A Notice of Trustee's Sale was recorded three months later and the property was sold on February 28, 2014.  (*Id.* Ex. M.)  A Trustee's Deed Upon Sale was recorded on March 5, 2014.  (*Id.* Ex. N.)

In her Complaint, Bernardo seeks to set aside the foreclosure and obtain a loan modification to pay off the remaining amount due on the loan.  Defendants contend that the foreclosure sale was lawful and moved to dismiss after removing this action from state court.[3]  (ECF No. 5.)  Before filing this Motion to Dismiss, counsel for Defendants made several unsuccessful attempts to contact Bernardo to discuss the merits of the Motion in compliance with Local Rule 7-3.  Bernardo was required to file an opposition to this Motion no later than September 15, 2014.  L.R. 7-9.  To date,

---

[3] Wilmington separately joined in the Motion.  But the Court notes that Wilmington incorrectly filed the Notice of Joinder on CM/ECF.  To the extent the incorrect filing requires a ruling from this Court, the Court **GRANTS** the Notice of Joinder.  (ECF No. 7.)  Wilmington also incorrectly filed a Notice of Non-Opposition on CM/ECF, also seeking a ruling from the Court separate and apart from the Court's ruling on this Motion.  The Court **STRIKES** this document for being improperly filed. (ECF No. 11.)  Counsel for Wilmington is advised to review CM/ECF filing procedures before electronically filing any additional documents in the Central District of California.

1   no opposition has been filed.  Bernardo did not appear at the October 6, 2014 hearing
2   on this Motion.

### III.   LEGAL STANDARD

4       A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable
5   legal theory or insufficient facts pleaded to support an otherwise cognizable legal
6   theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To
7   survive a dismissal motion, a complaint need only satisfy the minimal notice pleading
8   requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v.*
9   *Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to
10  raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550
11  U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter,
12  accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*
13  *Iqbal*, 556 U.S. 662, 678 (2009).

14      The determination whether a complaint satisfies the plausibility standard is a
15  "context-specific task that requires the reviewing court to draw on its judicial
16  experience and common sense." *Id.* at 679.  A court is generally limited to the
17  pleadings and must construe all "factual allegations set forth in the complaint . . . as
18  true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d
19  668, 688 (9th Cir. 2001).  But a court need not blindly accept conclusory allegations,
20  unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden*
21  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### IV.   DISCUSSION

23      Defendants move to dismiss all six of Bernardo's claims under Rule 12(b)(6)
24  for failure to state a claim as a matter of law or insufficient pleading.  The Court
25  addresses the sufficiency of each of Bernardo's claims below.

26  **A.    Fraud**

27      Defendants argue that Bernardo's allegations fail to support her claim for fraud
28  and that her claim is also barred by the statute of limitations.  The Court finds that

Bernardo's fraud claim is premised on two alleged acts.  First, Bernardo alleges that the foreclosure was fraudulent because it was done by Summit, which was "unlicensed" at the time and has not been allowed to conduct business in California since 1986.  (Compl. ¶ 41.)  Second, Bernardo alleges that her signature was "deleted" from the Promissory Note for the loan even though both she and her husband signed the note.  (*See id.* ¶¶ 44–53.)  Neither of Bernardo's alleged acts can sustain a claim for fraud.

With respect to Summit's allegedly unlicensed status at the time of foreclosure, Bernardo's allegations are based on the status of an unrelated entity.  Attached to the Complaint is a printout from the California Secretary of State's website.  (*See* Compl. Ex. A.)  The printout indicates that the entity "Summit Management Company, Inc." was dissolved in 1986.  (*Id.*)  But Defendant Summit Management Company, LLC is not the same entity, but rather a limited liability company.  (*See* RJN Ex. O.)  Thus, Bernardo's fraud claim fails to the extent it relies on Summit's "unlicensed" status. *See Lee*, 250 F.3d at 688 (holding that judicially noticeable facts are the exception to the rule that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary-judgment motion).

The fraud claim also fails as it relates to Bernardo's allegations that her signature was deleted from the Promissory Note.  California has a three-year statute of limitations on fraud claims.  Cal. Civ. Proc. Code § 338.  The date of the loan origination and the date the parties executed the loan agreements was in March 2007. This action was not filed until July 21, 2014.  The Court finds nothing in the Complaint to support tolling of the statute of limitations for any period of time. Accordingly, the three-year statute of limitations has long since expired.

For these reasons, Bernardo's fraud claim is **DISMISSED**.

**B.    RESPA**

Bernardo's RESPA claim is somewhat confusing.  Bernardo titles her claim "tortious violation" of RESPA and specifically cites 12 U.S.C. § 2607(b), which is the

portion of RESPA that prohibits fee splitting.   (*See* Compl. ¶¶ 65–73.)   But, as Defendants point out, the Complaint is completely devoid of allegations relating to fee splitting.  (*See* Mot. 6:21–26.)

Moreover, the thrust of Bernardo's allegations relate to "inquiries" she made regarding the loan.  (*See, e.g.*, Compl. ¶¶ 71–72.)  There is another portion of RESPA that imposes a duty on loan servicers to respond to borrower inquiries.  *See* 12 U.S.C. § 2605(e)(1).  But even construing Bernardo's claim under this section of RESPA, her claim fails.  Bernardo's allegations are woefully deficient because she does not allege that her "inquiries" meet the requirements of a "qualified written request" as set forth in the statute.  *See id.* § 2605(e)(1)(B).  The allegations regarding her "inquiries" do not even meet the basic notice requirements of Rule 8.  In addition, § 2605(e) applies only to loan servicers, but Bernardo alleges her RESPA claim against all Defendants.  As set forth in the factual background above, not all Defendants are loan servicers.

The Court **DISMISSES** Bernardo's RESPA claim as well.

## C.   Quiet Title

Defendants put forth several reasons for dismissal of Bernardo's quiet-title claim, many of them specific to each Defendant.  But the Court finds an alternative basis for dismissal of the quiet-title claim as it applies to all Defendants.

Bernardo must allege that she has satisfied her debt before bringing a quiet-title claim.  *See, e.g.*, *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522, 526 (2011); *Aguilar v. Bocci*, 29 Cal. App. 3d 475, 477–78 (1974).  However, Bernardo admits in the Complaint that she has not paid off the loan that was secured by the property at issue.  (*See* Compl. ¶¶ 8–11.)  Nor does Bernardo allege that she offered to pay the full amount of the debt.  Therefore, Bernardo's claim for quiet title is also **DISMISSED**.

## D.   RFDCPA

Bernardo's also seeks relief for an alleged violation of the RFDCPA.  The RFDCPA is California's version of the federal Fair Debt Collections Practices Act

("FDCPA"), 15 U.S.C. §§ 1692–92p.  California Civil Code section 1788.17—cited by Bernardo in her Complaint—states that a violation of the FDCPA is also a violation of the RFDCPA.  But the FDCPA does not apply to foreclosure activities. *See, e.g., Junger v. Bank of Am., N.A.*, No. 11-cv-10419-CAS(VBKx), 2012 WL 603262, at *4 (C.D. Cal. Feb. 24, 2012) ("[T]he activity of foreclosing on property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA."(citations omitted)).  Thus, Bernardo's RFDCPA claim fails and is also **DISMISSED**.

**E.  Declaratory and Injunctive Relief**

The Court turns finally to Bernardo's separately pleaded claims for declaratory and injunctive relief.  Declaratory and injunctive relief are remedies.  Since the Court has dismissed all of Bernardo's other claims, there is no basis for obtaining these remedies.  28 U.S.C. § 2201 (requiring "a case of actual controversy" to obtain a declaratory judgment); *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 ("Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted.").  Accordingly, the Court **DISMISSES** Bernardo's first and sixth claims for declaratory and injunctive relief.

## V.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss **WITH PREJUDICE**.  (ECF No. 5.)  Dismissal is with prejudice due to Bernardo's non-opposition and the unlikelihood that amendment would cure the deficiencies in the Complaint.  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

October 6, 2014

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**